```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASENO. 09-61660-CIV-DIMITROULEAS
                              MAGISTRATE JUDGE P. A. WHITE
```

RONALD SMITH,                         :

    Plaintiff,                    :

v.                                    :       PRELIMINARY REPORT OF
                                               MAGISTRATE JUDGE
SHERIFF AL LOMBERTI,                  :

    Defendants.                   :
_____

## I.  Introduction

On October 19, 2009, Ronald Smith, currently detained at the Ft. Lauderdale County Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.[DE# 1]. The plaintiff will be granted permission to proceed in forma pauperis by separate order.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

### A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                    *   *   *
        (B) the action or appeal -

                    *   *   *

        (i)  is frivolous or malicious;

        (ii) fails to state a claim on which
        relief may be granted; or

        (iii) seeks monetary relief from a
        defendant who is immune from such
        relief.
```

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998),See: Whitehorn, 758 F.2d at 1419 id. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers

and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).   A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

    The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>,

127 S.Ct. at 1964).

B. <u>Factual Allegations</u>

The plaintiff names the Ft. Lauderdale County Sheriff Al Lomberti as the sole defendant. The plaintiff, who is a pretrial detainee, alleges that he has broken no institutional rules, but has been subjected to a daily 18 hour lockdown because he is on a no bond hold and is being held for a court appearance. The plaintiff seeks injunctive relief.

C. <u>Analysis of Sufficiency of Complaint</u>

In <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979), the Supreme Court held that a pre-trial detainee "may not be punished prior to adjudication of guilt in accordance to due process of law." Under circumstances not involving intended punishment for a legitimate government purpose, a restriction or condition may nonetheless "amount to punishment" if officials are "deliberately indifferent" to a substantial risk to the detainee's safety, for example, an allegation that an official acted recklessly or with deliberate indifference by placing an inmate in a cell with another murderous inmate, or disregarded the a detainee's need for medical care, risk of suicide, or need for food and shelter. See <u>Rapier v. Harris</u>, 172 F.3d 999, 1006-07 (7 Cir. 1999).

Punitive restrictions or conditions may be constitutionally placed on pre-trial detainees, provided that the restrictions further some legitimate governmental objective (such as addressing a specific institutional violation, ensuring a detainee's presence at trial, or maintaining safety, internal order, and security

within the institution) and are not excessive in light of the seriousness of the violation. See Rapier at 1003; Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 318 (1 Cir. 1995) (citing Bell at 540)). The plaintiff's claims, as a pre-trial detainee, are analyzed under the Fourteenth Amendment.

The fundamental requirement of due process is the opportunity to be heard, at a meaningful time and in a meaningful manner. Armstrong v Manzo, 380 U.S. 545 (1965). In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court established that for loss of a liberty interest resulting from prison disciplinary proceedings, the minimum standards of due process require: 1) advance written notice of the violation; 2) a written statement of the fact finders as to the evidence relied upon, and reasons for the disciplinary action taken; and 3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals. Wolff, supra, 418 U.S. at 563-66. Two decades later, in Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court, revisiting this area of the law, held that there are only two circumstances under which a prisoner [who is already deprived of his liberty by virtue of his incarceration] may be further deprived of his liberty so that due process is required: 1) when a change in an inmate's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the Court, Sandin, 515 U.S. at 484; Bass v. Perrin, 170 F.3d 1312, 1318 (11 Cir. 1999); or 2) when a state has consistently given a certain benefit to inmates (for instance, via statute or administrative policy), and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin, at 484; Bass, at 1318. In the first situation, the liberty interest exists apart from a state-created right, and the Due Process Clause

5

applies "of its own force." <u>Bass</u>, <u>supra</u>, at 1318, n. 9 (citing <u>Sandin</u>, <u>supra</u> at 484). In the second situation, the liberty interest is created by the state. <u>Bass</u> at 1318.

### III.  <u>Conclusion</u>

The plaintiff has alleged a claim of due process violation pursuant to 42 U.S.C. §1983. It is therefore recommended that the case shall proceed against defendant Sheriff Lomberti, for whom service of process will be separately ordered.

Dated at Miami, Florida, this 30th day of October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Ronald Smith <u>Pro Se</u>
     No. 570711013
     PO Box 9356 Main Jail
     Ft Lauderdale, FL