```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-61660-CIV-DIMITROULEAS
                              MAGISTRATE JUDGE P. A. WHITE

RONALD SMITH,                 :

       Plaintiff,             :

v.                            :         REPORT OF
                                        MAGISTRATE JUDGE
SHERIFF AL LAMBERTI,          :

       Defendants.            :
_____
```

I.  Introduction

The plaintiff, Ronald Smith, currently incarcerated at the Broward County Main Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE #1). The plaintiff named Broward County Sheriff Al Lamberti as the sole defendant. (DE# 1). The plaintiff, who is a maximum custody pretrial detainee, alleged that he has broken no institutional rules, but has been subjected to a daily 18-hour lockdown because he is on a no bond hold and is being held for a court appearance. (DE# 1). Smith claimed that he had been subjected to this lockdown since his 12/13/07 arrest and that he continued to be subjected to it at the time he filed his §1983 complaint on 10/10/09. (DE# 1). Smith sought injunctive relief and monetary damages. (DE# 1).

In a Preliminary Report, the Undersigned concluded that Smith asserted a valid §1983 claim against Sheriff Lamberti for violating his due process rights. (DE# 8). The District Court adopted the preliminary report in a subsequent order. (DE# 9).

Lamberti filed a motion for summary judgment (DE# 48) and a statement of undisputed material facts, with supporting exhibits

attached thereto (DE# 49).  This court issued an order of instructions informing Smith of his right to respond to the summary judgment motion. (DE# 51).  The plaintiff filed a pre-trial statement (DE# 54) and the defendant then filed his own pre-trial statement (DE# 55).  The plaintiff next filed a response in opposition to Lamberti's motion for summary judgment, with exhibits attached. (DE# 57).  Lamberti filed a reply to Smith's response, with exhibits in support thereof. (DE# 63).  The plaintiff filed a response to Lamberti's reply.  (DE# 64).

## II.  Analysis

### A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential

2

>       element of her case with respect to which she has the
>       burden of proof.  (citations omitted)

Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact.  This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992).  It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990).  The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987).  If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson, 477 U.S. 242).

**B. Sheriff Lamberti's Motion for Summary Judgment**

In this case, the plaintiff alleges that he is subjected to a daily 18 hour lockdown in his cell. He claims that his confinement conditions amount to punishment of a pre-trial detainee in violation of his due process rights under the Fourteenth Amendment. (DE# 1). Lamberti agrees that a detainee may not be punished prior to an adjudication of guilt, but counters that lockdown procedures imposed on all maximum custody pretrial detainees, including Smith, are required to ensure security and order at the Broward County Jail. (DE# 48).

Prison administrators are charged with a duty, under the Eighth Amendment, of taking reasonable measures to guarantee the safety of inmates, including to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1976 (1994). In this case, the plaintiff was a pretrial detainee at the time of the events alleged, and that his claim, which would have arisen under the Eighth Amendment had he been a convicted prisoner, instead arises under the Fourteenth Amendment. For all intents and purposes, however, the standard remains the same, and cases that would apply to convicted prisoners' claims also apply to those brought by a pretrial detainee. Claims concerning conditions to which pretrial detainees are subjected are governed by the Due Process Clause of the Fourteenth Amendment, Bell v. Wolfish, 441 U.S. 520, 535 (1979). See Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11 Cir. 1985)(for analytical purposes, there is no meaningful difference between the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11 Cir. 1996)("Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth

4

Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners.... However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees.").

In <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979), the Supreme Court held that a pre-trial detainee "may not be punished prior to adjudication of guilt in accordance to due process of law."  Under circumstances not involving intended punishment for a legitimate government purpose, a restriction or condition may nonetheless "amount to punishment" if officials are "deliberately indifferent" to a substantial risk to the detainee's safety, for example, an allegation that an official acted recklessly or with deliberate indifference by placing an inmate in a cell with another murderous inmate, or disregarded the a detainee's need for medical care, risk of suicide, or need for food and shelter.  See <u>Rapier v. Harris</u>, 172 F.3d 999, 1006-07 (7 Cir. 1999).

Punitive restrictions or conditions may be constitutionally placed on pre-trial detainees, provided that the restrictions further some legitimate governmental objective (such as addressing a specific institutional violation, ensuring a detainee's presence at trial, or maintaining safety, internal order, and security within the institution) and are not excessive in light of the seriousness of the violation. See <u>Rapier</u> at 1003; <u>Collazo-Leon v. United States Bureau of Prisons</u>, 51 F.3d 315, 318 (1 Cir. 1995) (citing <u>Bell</u> at 540)).

According to Smith's version of events, he is confined to his cell for eighteen hours each day and sometimes for ten hours in a row.  (DE# 54, 57).  Several other detainees corroborate this claim

in declarations attached to Smith's response. (DE# DE# 57, p. 35-39).  Smith includes additional factual allegations in his response to the defendant's motion for summary judgment.  (DE# 54, 57).  These allegations cannot be considered by this Court as they were not included in the operative complaint and are not relevant to the claim included in same, namely, that the lockdown procedures violate Smith's constitutional rights.  Specifically, he alleges that he is forced to eat his meals on a tray on the floor, he must remain in an 8X10 cell while his cell-mate defecates, prison officials are medically indifferent to his dental problems, and his access to the shower is limited. (DE# 54).  Smith attaches declarations executed by several other pretrial detainees in which each alleges these additional facts.  (DE# 57, p. 35-39).

Lieutenant Marques Gibson, executive officer for the Broward Sheriff's Office Main Jail Bureau, describes the tier rotation program in his sworn corrected affidavit attached to Lamberti's reply to Smith's response. (DE# 63-1).  The detainees are always confined to their cells from 11:00pm until 7:00am.  On Sundays, Tuesdays, Thursdays, and Saturdays, the detainees are released from their cells from 7:30-10:30am and 3:30-6:30pm.  On Mondays, Wednesdays, and Fridays; the detainees are allowed to leave their cells from 10:30am-1:30pm and 7:00pm-10:00pm.  The following week, the cells are unlocked from 10:30am-1:30pm and 7:00pm-10:00pm Sundays, Tuesdays, Thursdays, and Saturdays and are unlocked from 7:30-10:30am and 3:30-6:30 pm Mondays, Wednesdays, and Fridays.  As Smith alleges, under this schedule, he is confined to his cell 18 hours a day and he is not in lockdown for two three-hour periods each day.  Smith does not expressly claim that the 18-hour period is consecutive.  Lamberti expressly concedes that the longest period of consecutive time maximum custody inmates are in their cells is sixteen hours and occurs three times a week. (DE# 63, p.

5). Smith's allegations regarding the rotation schedule are consistent with Lamberti's and, in fact, while Lamberti concedes that inmates are confined in their cells for sixteen hours straight several times a week, Smith alleges that the longest period of confinement is ten hours. Accordingly, the parameters of the tier rotation program imposed on maximum custody pretrial detainees at the Broward County Jail is not in dispute.

Because the material facts are not in dispute, this Court must determine whether the lockdown schedule constitutes unconstitutional punishment of a pretrial detainee or furthers some legitimate governmental objective. See Bell at 540. Lieutenant Gibson explains in his sworn affidavit, and Smith does not dispute, that in 2006, maximum custody detainees began to align along racial and/or ethnic lines, which lead to an increase of inmate violence. (DE# 63-1, ¶3). Between January 1, 2006 and September 23, 2006, there were twelve violent incidents in which inmates attached other inmates and five incidents of battery on detention personnel. (Id. ¶4). In order to control and minimize, if not eliminate, the violence, the tier rotation program (described above) was instituted. (Id. ¶5). The program had five goals, namely, to (1) maintain security and order within the housing units, (2) ensure that all main jail staff were aware of the inmate violence incidents, (3) identify and break up any cliques that had formed inside of the housing unit, (4) identify potential gang activities, and (5) enhance supervisory presence during the hours when the prisoners were released from their cells. (Id. ¶6). The maximum custody detainees are considered escape risks, violent or dangerous, and by the nature of their charges, require maximum security housing. (Id. ¶7). Gibson further states that the rotation program has been effective in controlling inmate violence, and currently remains in place. (Id. ¶11). The foregoing

7

undisputed facts sufficiently establish that the lockdown schedule furthers a legitimate governmental objective, namely, maintaining safety, internal order, and security within the institution.  See Rapier at 1003; Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315, 318 (1 Cir. 1995) (citing Bell at 540)).

In light of the foregoing, Smith has failed to present sufficient evidence to establish that the lockdown schedule constitutes punishment and Smith does not dispute the facts asserted by Lamberti which show that the tier program is reasonably related to the legitimate government interest of ensuring the safety of inmates and staff.  See Bell, 441 U.S. at 539. Accordingly, entry of summary judgment in favor of defendant Lamberti is appropriate.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(A summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

### III.  Conclusion

It is therefore recommended that: Defendant Lamberti's motion for summary judgment (DE# 48) be granted.  The case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 10th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

8

```
cc:  Ronald Smith
     No. 570711013
     Broward County Main Jail
     P. O. Box 9356
     Fort Lauderdale, FL 33310

     Alain E. Boileau
     Robert Hunt Schwartz
     Yoss LLP
     888 SE 3rd Avenue
     Suite 500
     Fort Lauderdale, FL 33316
```