UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61660-CIV-DIMITROULEAS

RONALD SMITH,

        Magistrate Judge White

    Plaintiff,

vs.

SHERIFF ALFRED LAMBERTI, et al,

    Defendant.
_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon the Defendant, Alfred T. Lamberti's Motion for Summary Judgment [DE 48], the Report of Magistrate Judge Patrick A. White, signed on December 10, 2010 [DE 69], and Plaintiff's Objections to the Report, filed on January 4, 2011 [DE 72]. The Court has conducted a *de novo* review of the Report and Recommendations, the record, and Plaintiff, Ronald Smith's Objection to the Report and Recommendation [DE 72], and is otherwise fully advised in the premises.

In his civil rights complaint, Plaintiff Ronald Smith, alleges that he is subjected to a daily 18-hour lock-down in his cell. He contends that the lock-down amounts to punishment of a pre-trial detainee in violation of his due process rights under the Fourteenth Amendment. Defendant agrees that a detainee may not be punished prior to an adjudication of guilt. However, Defendant counters that lock-down procedures imposed on all maximum custody pretrial detainees, including Plaintiff, are required to ensure security and order at the Broward County Main Jail, therefore furthering a legitimate governmental objective.

The Magistrate Judge's Report and Recommendation provides a more complete background to this case. [DE 69].  The material facts, summarized below, are not in dispute unless otherwise noted.  Plaintiff, who at the time of filing his Complaint was being incarcerated for premeditated murder, is being treated as a Maximum Custody detainee.  The parties agree that Maximum Custody detainees in the Broward County Main Jail, including Plaintiff, are confined for 18 hours out of the 24-hour day.  Both parties also agree that the longest period of continuous confinement is approximately sixteen straight hours[1], which occurs several times per week.  Accordingly, the parameters of the tier rotation program imposed on maximum custody pretrial detainees at the Broward County Main Jail are not in dispute.  Plaintiff claims that the lock-down procedures violate his constitutional rights.

While the parties agree that Plaintiff is being treated as a Maximum Custody detainee, Plaintiff disputes that this custodial status classification is proper.  Plaintiff asserts that he should have a custodial status of Medium Custody.  In support of his assertion, Plaintiff attaches several inmate summary reports, dated July 3, 2010, July 14, 2010, and August 5, 2010, that lists his security level as "medium."  See DE 57 at 11-13.  Defendant, in Lieutenant Marques Gibson's Sworn Corrected Affidavit, explains that Plaintiff has been housed in maximum custody since December 14, 2007.  See DE 63-1 at 2.  In the same affidavit, Defendant points out that although

---

[1] In the Magistrate Judge's Report, it states that according to Plaintiff's version of events, he is sometimes confined to his cell for ten hours in a row.  The undersigned reads Plaintiff's version of the events differently.  It is Defendant, in Lieutenant Marques Gibson's original sworn affidavit, who erroneously stated that the longest continuous lock-down is 9 to 10 hours.  See DE 49-2, ¶ 9.  Plaintiff, in his Response, explicitly disputes Defendant's assertion that the longest continuous lock-down is 9 to 10 hours.  See DE 57 at 3,6.  Plaintiff attached two different tier rotation program schedules showing a continuous lock-down of 15.5 hours and 16 hours.  See DE 57, 72, respectively.  Plaintiff's schedules are consistent with Lieutenant Gibson's description of the tier rotation program, which is found in Lieutenant Marques Gibson's sworn corrected affidavit attached to Defendant's Reply to Plaintiff's Response.  See DE 63-1.

his custody score is Medium Custody, as a result of the first degree premeditated murder charge pending against him, Plaintiff is classified by override as a Maximum Custody inmate.  See id. Jail officials should be accorded the widest possible deference in classifying inmates' custodial status so as to maintain security and preserve internal order.  Perez v. Anderson, 350 F. App'x 959, 962 (5th Cir. 2009).  The Court finds that Defendant's reasoning for classifying him as a Maximum Custody detainee, his pending first degree premeditated murder charge, furthers a legitimate government interest, to maintain security.

There are no other material facts in dispute.  Therefore, this Court must determine whether the lock-down schedule constitutes unconstitutional punishment of a pretrial detainee or furthers some legitimate governmental objective.  See Bell at 540.  Here, Plaintiff has not alleged that his treatment is unlike other similarly situated detainees.  See Magluta v. Samples, 375 F.3d 1269, 1275 (11th Cir. 2004).  In fact, Plaintiff attaches declarations executed by several other pretrial detainees in which each alleges similar treatment.  In the instant case, there has been no showing that an 18-hour lock-down is done for punishment reasons as opposed for other legitimate safety reasons.  See Serton v. Sollie, 2003 WL 22849840, *3 (5th Cir. Dec. 2, 2003). The Court notes that "preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."  Bell, 441 U.S. at 546, 99 S. Ct. at 1878.  Prison officials have "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Id. at 547, 99 S.Ct. at 1878.

For the reasons discussed above, the Court agrees with the Magistrate Judge's conclusion

that Defendant's Motion for Summary Judgment should be granted and that the case should be closed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report [DE 69] is hereby **ADOPTED** and **APPROVED**;

2. Defendant, Alfred T. Lamberti's Motion for Summary Judgment [DE 48] is hereby **GRANTED**;

3. The above-styled action is hereby **DISMISSED with prejudice**;

4. The Clerk shall close this case;

5. All pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of February, 2011.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge White

Counsel of Record

Ronald Smith, pro se
No. 570711013
Broward County Main Jail
P.O. Box 9356
Fort Lauderdale, FL 33310